THIRD DIVISION 

                                                  November 27, 

1996 

 

 

 

 

 

 

 

 

 

 

No. 1-95-2869 

 

DAVID B. GAEBLER, individually and on behalf of all    )    Appeal from the 

others similarly situated,                        )    Circuit Court of 

                                             )    Cook County. 

          Plaintiff-Appellant,                    ) 

                                             ) 

               v.                            ) 

                                             ) 

NEW MEXICO POTASH CORPORATION, et al.,       )    Honorable 

                                             )    Michael B. Getty, 

          Defendants-Appellees.                   )    Judge Presiding. 

 

     PRESIDING JUSTICE TULLY delivered the opinion of the court: 

     Plaintiff, David B. Gaebler, individually and on behalf of all others similarly 

situated, filed this purported class action against New Mexico Potash Corporation and 

other U.S. and Canadian corporations involved in the potash industry, alleging 

violations of the Consumer Fraud and Deceptive Business Practices Act (hereinafter 

the Consumer Fraud Act) (815 ILCS 505/1 et seq. (West 1994)).  The action purported 

to represent indirect purchasers of potash.  Defendants moved to dismiss the action 

pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 

1994)), which the trial court granted.  It is from the order dismissing plaintiff's 

complaint that he now appeals to this court pursuant to section 6 of article VI of the 

Illinois Constitution (Ill. Const. 1970, art. VI,  6) and Supreme Court Rule 301 (155 

Ill. 2d R. 301).  

     On appeal, plaintiff in essence argues that the trial court erred in holding that 

plaintiff's complaint was essentially a claim under the Illinois Antitrust Act 

(hereinafter the Antitrust Act) (740 ILCS 10/1 et seq. (West 1994)) that could not be 

brought pursuant to the Consumer Fraud Act.  We note that the trial court's 

dismissal of this cause under section 2-615 of the Code of Civil Procedure (735 ILCS 

5/2-615 (West 1994)) is subject to our de novo review.  Noyola v. Board of Education, 

No. 1-93-3814, slip op. at 4 (1st. Dist. September 30, 1996). 

     In dismissing plaintiff's action, the trial court ruled that the gist of plaintiff's 

complaint was an Antitrust Act claim under the guise of a Consumer Fraud Act claim 

and that as such it was precluded by our supreme court's holding in Laughlin v. 

Evanston Hospital, 133 Ill. 2d 374 (1990).  We agree with the circuit court. 

     In Laughlin, the trustees of two union health plans brought a class action on 

behalf of themselves and similar third-party payors who indemnify or insure patients 

for the cost of hospital services, against 10 Chicago-area hospitals.  The complaint 

alleged the defendants pricing practices were illegal price discrimination in violation 

of the Consumer Fraud Act and the Antitrust Act.  The supreme court held that the 

trustees' allegation of price fixing was insufficient to state a cause of action under 

either the Antitrust Act or the Consumer Fraud Act. 

     In affirming the circuit court's dismissal of the Antitrust Act count, the 

Laughlin court found that the Antitrust Act was patterned after the landmark 

Sherman Antitrust Act (15 U.S.C.  1 et seq. (1988)) alone (Laughlin, 133 Ill. 2d at 

374) and contains no direct counterpart to the Clayton Act (15 U.S.C.  12 et seq. 

(1988)), as amended by the Robinson-Patman Act.  The supreme court noted that the 

Clayton Act, which specifically prohibits, amongst other things, price discrimination, 

was enacted by Congress because the Sherman Act and other preexisting antitrust 

statutes did not cover such practices.  Laughlin, 133 Ill.2d at 386.  Thus, the supreme 

court held that in enacting the Antitrust Act the General Assembly's embrace of 

Federal antitrust law reached only to anticompetitive practices prohibited by the 

Sherman Act and not to conduct proscribed by the Clayton Act.  Laughlin, 133 Ill.2d 

at 386-88.  Therefore, the court concluded that the trustees did not state a cause of 

action under the Antitrust Act. 

     The Laughlin court then went on to hold that the Trustees' antitrust claims 

were not actionable under the Consumer Fraud Act and found that: 

          "There is no indication that the legislature intended that 

          the Consumer Fraud Act be an additional antitrust 

          mechanism.  The language of the Act shows that its reach 

          was to be limited to conduct that defrauds or deceives 

          consumers or others.  The title of the Act is consistent with 

          its content.  The Consumer Fraud Act states that it was 

          enacted to 'protect consumers and borrowers and 

          businessmen against fraud, unfair methods of competition 

          and unfair or deceptive acts or practices.'  (Ill. Rev. Stat. 

          1987, ch. 121, par. 261.)  Further indication that this is 

          a statute directed against fraud and not one designed to be 

          an additional antitrust enforcement mechanism is that 

          every one of the specifically prohibited acts set out in the 

          Act describes a situation where a buyer is being harmed by 

          overreaching or fraudulent conduct.  *** 

          [T]he legislature in the Act declined to include provisions 

          against price discrimination because the legislature found 

          that the inclusion of such provisions would be undesirable.  

          To construe the Consumer Fraud Act to give a cause of 

          action for discriminatory pricing that the legislature 

          refused to give under the Antitrust Act would be 

          incongruous.  Legislation is designed to be consistent.  It 

          would be inconsistent to provide that the very conduct 

          which is not sufficient to state a cause of action under the 

          Antitrust Act is sufficient to state a cause of action under 

          the Consumer Fraud Act."  Laughlin, 133 Ill. 2d at 390-91. 

     In the case sub judice, we concur with circuit court's description of plaintiff's 

claims as "classic antitrust allegations dressed in Consumer Fraud Act clothing."  Our 

review of both the original complaint and the proffered amended complaint reveals 

that they repeatedly charge defendants with agreeing and conspiring to "fix," 

"maintain," or "stabilize" the price of potash.  Such allegations are a classic example 

of price-fixing first outlawed by Congress over 100 years ago under section 1 of the 

Sherman Act (U.S. v. Masonite Corporation, 316 U.S. 265, 86 L. Ed. 1461, 62 S. Ct. 

1070 (1942)), and by definition are covered by the Antitrust Act which "is patterned 

on the Sherman Act[.]"  Laughlin, 133 Ill. 2d at 382.  Thus, such allegations, 

pursuant to Laughlin, must be brought under the Antitrust Act and not the 

Consumer Fraud Act.  Therefore, we find plaintiff's complaint failed to state a cause 

of action under the Consumer Fraud Act.  See Laughlin, 133 Ill. 2d 388-91. 

     In addition, we note that as plaintiff's case, a class action brought on behalf of 

indirect purchasers, is in actuality an antitrust claim that can only be brought under 

the Antitrust Act, it is necessarily precluded by section 7(2) of the Antitrust Act 

which provides "that no person other than the Attorney General of this State shall 

be authorized to maintain a class action in any court of this State for indirect 

purchasers asserting claims under this Act."  740 ILCS 10/7(2) (West 1994). 

     In light of the foregoing, the judgment of the circuit court of Cook County is 

affirmed. 

     Judgment affirmed. 

     CERDA and GALLAGHER, JJ., concur.